WOLLMAN, Chief Judge,
with whom MORRIS SHEPPARD ARNOLD, Circuit Judge, joins, concurring.
I agree with the court that the district court erred in not according the parties the unitary status hearing that had been promised to them. Accordingly, I join in the holding reversing the order appealed from and remanding the case to the district court without reassignment to another district judge.
I write separately only to indicate that I do not wish my agreement with the disposition of the appeal to be read as my endorsement of all that is said within the opinion regarding this court’s earlier opin *728 ions in this case, or of all that is said regarding what the School District must show to satisfy the district court that it is entitled to a declaration that it has achieved unitary status. For me, it is enough to say that the district court should have given the parties the hearing it had promised them. The court’s opinion now assures them of that hearing, which I hope will be held in the reasonably near future. As the court notes, class counsel suggested last August that the unitary status hearing be set in late summer of 2000, and the School District suggested last November that a hearing be set at the end of the 1999-2000 academic year, which will occur on June 3.
Whether the School District will be able to carry its burden of demonstrating that it has achieved unitary status, I do not know. By the time a unitary status hearing is held, the School District will have had a number of months to take further steps towards implementing the several remedial programs since the district court’s November 1999 order dismissing the case. What steps the School District has taken during those intervening months may well be a measure of its commitment to its self-proclaimed good-faith efforts to take all practicable steps towards eliminating the provable vestiges of discrimination.